# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1637

_____

| | | |
|---|---|---|
| James G. Franke, and all others similarly situated, | * * * | |
| Appellee, | * * * | Appeal from the United States District Court for the District of Minnesota. |
| v. | * | |
| Poly-America Medical and Dental Benefits Plan, | * * * | |
| Appellant. | * | |

_____

Submitted: November 14, 2008
Filed: February 5, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Poly-America Medical and Dental Benefits Plan (the Plan) appeals from the district court's denial of its motion to compel arbitration. We reverse and remand for entry of an order compelling arbitration.

I.

James G. Franke has been employed by Up-North Plastics Inc., an affiliate of Poly-America, L.P., since 2001. Through this employment, Franke enrolled in the

Plan, which is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. During each year of his employment, Franke acknowledged in writing his agreement to arbitrate any claims associated with his enrollment in the Plan.

After suffering a myocardial infarction in November 2006, Franke submitted his medical bills to the Plan for payment. Following the denial of the request for payment, Franke appealed to the Plan's Administrator, Chuck Kramer, who upheld the original decision. Kramer informed Franke that he could "file a written request with the Plan Administrator for final and binding arbitration."

Franke chose instead to file suit in federal district court. The Plan moved to compel arbitration. In its submissions to the court, the Plan recognized that certain provisions in the arbitration agreement were unlawful under ERISA, but argued that those provisions should be corrected pursuant to the severability clause in the contract and that the arbitration agreement should be enforced. The district court disagreed, however, and concluded that "the mere existence of the illegal provision, in this instance, unduly inhibits or hampers the processing of appeals and therefore renders the arbitration requirement in the Plan unenforceable."

## II.

We review de novo the district court's denial of the Plan's motion to compel. EEOC v. Woodmen of the World Life Ins. Society, 479 F.3d 561, 565 (8th Cir. 2007). The Federal Arbitration Act (FAA) requires that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA intended "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the

same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). "In light of this federal policy, arbitration agreements are to be enforced unless a party can show that it will not be able to vindicate its rights in the arbitral forum." Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004). This strong federal policy applies equally to claims grounded in statutory rights, and we have found no "compelling basis to treat agreements to arbitrate ERISA claims differently." Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc., 847 F.2d 475, 479 (8th Cir. 1988). When reviewing the enforcement of an arbitration agreement, we determine only whether there is a valid arbitration agreement and whether the dispute at issue falls within the terms of that agreement. Faber, 367 F.3d at 1052. If there is a valid agreement and the dispute is properly within the terms of the agreement, the agreement must be enforced.

Franke concedes that the dispute falls within the agreement. He argues, however, that certain provisions contained in the agreement are in violation of ERISA and thus undermine the agreement to arbitrate. As noted by the district court, the two provisions that appear to be unlawful are the agreement's assertion that arbitration is binding and the requirement that arbitration costs be shared. Despite the presence of these two provisions, the agreement before us is distinguishable from the cases on which Franke relies. For example, it does not approach the "sham system unworthy even of the name arbitration" at issue in Hooters of America, Inc. v. Phillips, 173 F.3d 933, 940 (4th Cir. 1999). In that case, the agreement was riddled with biased provisions that allowed Hooters, among other things, to choose the arbitrators and unilaterally modify the arbitral rules without notice, presumably even during arbitration. Id. at 938-39. A member of the American Arbitration Association's board of directors testified that the agreement was "without a doubt the most unfair arbitration program I have ever encountered." Id. at 939. Equally misplaced is Franke's reliance on Graham Oil Co. v. Arco Products Co., 43 F.3d 1244 (9th Cir. 1994), for the proposition that the mere presence of unlawful provisions can invalidate

an arbitration agreement, given that we have refused to follow its holding. See Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1086 (8th Cir. 2001).

Rather, the case before us is more akin to the facts in Woodmen, Faber, and Gannon v. Circuit City Stores, Inc., 262 F.3d 677 (8th Cir. 2001). In each of those cases the severability clause found in the arbitration agreements "specifically state[d] the intent of the parties in the event a provision within the agreement is found invalid," i.e., that arbitration proceed once any invalid terms have been severed. Gannon, 262 F.3d at 680. The same is true here. Although Franke and the district court voice the concern that Plan participants "cannot be expected to know" that the provisions at issue are unlawful, that is not a sufficient basis upon which to deny the motion to compel. "We will not extend [our limited] review to the consideration of public policy advantages or disadvantages resulting from the enforcement of the agreement." Faber, 367 F.3d at 1052 (citing Gannon, 262 F.3d at 682) (internal quotations omitted).

The judgment is reversed, and the case is remanded to the district court for entry of an order compelling arbitration under the Plan as modified pursuant to the stipulated-to amendment.

_____